UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARINER'S COVE TOWNHOMES | CIVIL ACTION |
| VERSUS | NO. 08-3198 |
| UNITED STATES ARMY CORPS OF ENGINEERS, ET AL | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on motions to dismiss filed by the United States Army Corps of Engineers ("Corps") and Southeast Louisiana Flood Protection Authority-East ("SLFPA-East"). Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff, Mariner's Cove Townhomes Association ("MCTA"), is a non-profit corporation and a residential community of 58 individually-owned townhouses near Lake Pontchartrain and the 17th Street Canal. MCTA filed this declaratory action under Declaratory Judgment Act, 28 U.S.C. § 2201[1] and 28 U.S.C. § 1346[2], seeking a

---

[1] Section 2201 provides in pertinent part that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights or other legal

1

ruling that any future acquisition of any of the townhouse property by the defendants under the Uniform Relocation Assistance and Real Property Acquisition Policies for Federal and Federally Assisted Programs, 42 U.S.C. § 4601, *et seq.* ("URA"), is subject to the rights and obligations set forth in its Declaration of Servitudes, Conditions and Restrictions of Mariner's Cove Townhomes Association, Inc." ("Declaration"), including the requirement that the owner be responsible for MCTA assessments and dues. Both motions challenge the ripeness of the suit.

The defendants admit that fourteen properties in the MCTA will be acquired by condemnation and then turned over to the SLFPA-East, and that the plaintiff's claims can be made in the condemnation proceedings "in the context of determining just compensation." (Rec. Doc. 24, p. 1). The Corps argues that subject matter jurisdiction is

---

relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

    2        Section 1346(a) provides in relevant part:
           The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
           (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding int tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contracts Disputes Act of 1978.

2

lacking because the plaintiff does not allege a claim for money damages required by the Tucker Act, 28 U.S.C. § 1346 and the Declaratory Judgment Act, 28 U.S.C. § 2201, does not grant the consent of the United States to be sued. Alternatively, the Corps argues that Louisiana law extinguishes the subject assessments upon the acquisition of the property by eminent domain. The SLFPA-East additionally argues that the plaintiff's claims are speculative and that the issues raised may be resolved prior its acquisition from the Corps.

The plaintiff opposes the motions with the argument that because the MCTA and the individual owners do not own any property in indivision and no common elements owned by the membership as a whole, the obligations contained in the Declaration run with the land and are binding on subsequent owners. It argues that this matter is not premature despite the fact that condemnation proceedings have not commenced because "the interests of judicial economy should allow this court to prevent the government from further delay to resolve these issues" because the Corps has filed a declaration of taking. (Rec. Doc. 28, p. 17). It also argues that it is not a condominium association, that restrictive covenants are compensable interests under Louisiana law, and that compensable interests belonging to the MCTA can not be extinguished by Louisiana law.[3]

---

[3] Alternatively, the MCTA argues that the Corps's motion refers to documents outside the pleadings, which should not be considered on a Rule 12(b)(6) motion.

No property has been acquired by either defendant. The plaintiff agrees that the Declaratory Judgment Act does not provide an independent basis of subject matter jurisdiction. *In re B-727 Aircraft Serial No. 21010,* 272 F.3d 264, 270 (5th Cir. 2001); Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Practice & Procedure* § 2766 (West). The plaintiff asserts that it seeks no monetary award for purposes of jurisdiction under Section 1346, although the plaintiff "may not avoid the jurisdiction of the Court of Federal Claims by phrasing a claim for damages in terms of either declaratory or injunctive relief." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Practice & Procedure* § 3657 (West).[4] The plaintiff also apparently agrees that URA provides no basis of jurisdiction in the absence of a taking, and judicial review is otherwise limited. 42 U.S.C. §§ 4602, 4651; *United States v. 131.68 Acres of Land*, 694 F.2d 872, 876 (5th Cir. 1983)

Instead, the plaintiff argues that subject matter jurisdiction exists by virtue of the Tucker Act because "the Association is entitled to declaratory relief, and the District Court is empowered with the equitable powers necessary to provide that relief, where the Court of Claims is not so empowered." (Rec. Doc. 28, p. 14). It relies heavily on *Bowen v. Massachusetts*, 487 U.S. 879 (1988), where the district court's jurisdiction to hear

---

[4] The Court does not address the distinct issue whether the relief sought by the plaintiff is monetary and in excess of $10,000, so as to deprive this Court of jurisdiction.

4

the appeal of an administrative ruling was affirmed. There is no administrative ruling here, however. No determination of this plaintiff's rights have been made by any administrative or judicial entity. The Tucker Act does not provide the underlying right of action the plaintiff lacks. "The Act is a jurisdictional statute. Because it does not provide an independent right of action, courts look elsewhere for a source." *Rothe Development Corp. v. U. S. Dept. of Defense*, 194 F.3d 622, 625 (5th Cir. 1999). The plaintiff's reliance on *Sargent v. United States*, 2008 WL 3154761 (E.D.La.), is also unavailing, where no ruling on the issue of subject matter jurisdiction was made in denying the preliminary injunction and terminating that litigation, in which the plaintiffs alleged constitutional wrongdoing and argued that the government needed to hold a due process hearing before the taking. *Id.*, at *9. This suit seeks to eliminate the necessity of any pre-deprivation hearing under the UTA.

The plaintiff may assert that the facts are clear and issues concrete, and may argue that it suffers hardship from the government's actions, but the Court's subject matter jurisdiction must be established before addressing the law and equities of any suit.[5] The existence of basic subject matter jurisdiction needs to be affirmatively established by the plaintiff, which it has failed to do. The Court does note, however, that the government agrees that the plaintiff's substantive claims can be made in future

---

[5] In addition, the plaintiff proposes no coherent argument as to the distinct claims against SLFPA-East, which appear to be premature.

condemnation proceedings and the Court urges that these proceedings be instituted expeditiously so that the claims can be resolved.

Accordingly,

IT IS ORDERED that the motions to dismiss filed by the United States Army Corps of Engineers and Southeast Louisiana Flood Protection Authority-East are GRANTED. (Rec. Docs. 24, 33).

New Orleans, Louisiana, this 27th day of January, 2009

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE